State vs. Conway.

No. 8828.

## THE STATE OF LOUISIANA vs. JESSE CONWAY.

Under Act No. 44 of 1877, regulating the manner of drawing juries in this State, the clerk is the most responsible, and is an essential and indispensable member of the jury commission. Hence, no jury can be legally drawn during his absence, and without his co-operation.

An indictment for burglary is not bad for duplicity because it charges the offense of breaking and entering with intent to steal and rob, and that of breaking and entering with intent to kill and murder. 34 An. 48; 30 An. 487, reaffirmed.

APPEAL from the Twenty-third District Court, Parish of Iberville. Cole, J.

*J. C. Egan,* Attorney General, for the State, Appellee :

1. Any three members of the jury commission are sufficient to perform all the duties appertaining to said commission. Sec. 3, Act No. 44 of 1877, p. 56.

2. Prescribing certain duties to be performed by the clerk of court, an *ex-officio* member of the commission, is merely directory, and not sacramental ; any other member of the commission may perform those duties.

3. "No defect or irregularity in the drawing thereof or the summoning of the jury shall be sufficient cause (to challenge the general venire, or set aside the venire) if it shall not appear that some fraud has been practiced, or great wrong committed in the drawing or summoning of the jury, that would work a great and irreparable injury." Ib., Sec. 10.

4. Crimes of the same nature, resulting from the same transaction, may be alleged in separate counts in the same indictment. And where several crimes are denounced in the statute, they may be cumulated in one count by using the conjunctive "and" in place of the disjunctive "or." 33 An. 1295; Bishop on Crim. Procedure, Vol. 1, Secs. 436, 450 and 451; Wharton, Sec. 390; Bishop on Stat. Crimes, Sec. 383, p. 254; 30 An. 62.

5. A motion in arrest of judgment may embrace only those errors on the face of the record which vitiates the proceedings. Bishop on Crim. Proc., Secs. 1107, 1108 and 1109.

6. A variance between proofs and allegations, or any matter appearing only in the evidence at the trial will not be reached by this motion. Ib. 1285; State vs. Frey, 34 An.

*Alex. Hebert* and *T. E. Grace* for Defendant and Appellant.

---

The opinion of the Court was delivered by

Poché, J. Having been convicted of burglary and sentenced to hard labor for life, the accused complains:

1. That the indictment found against him is bad for duplicity, because it charges two distinct offenses: that of breaking and entering, etc., with intent to rob, steal, etc., and the other of breaking and entering, etc., with the intent to kill and murder.

The objection is not well founded. The two offenses are charged in separate counts and are denounced in the same statute.

It is now well settled by authority that, in an indictment for burglary such separate offenses can be legally charged. State vs. Johnson, 34 An. 48; State vs. Depass, 30 An. 487.

2. The accused charges that the jury which found the indictment against him was illegally drawn, because the drawing was made by three of the jury commissioners without the presence and co-operation of the clerk, a necessary member of the commission.

This point was well taken and must be sustained.

A careful consideration of Act No. 44 of 1877, regulating the manner of drawing juries, has satisfied our minds that the clerk is not only a necessary but an essential and indispensable member of the jury commission created under the provisions of that legislation.

Many, and by far the most important, acts to be performed during the operation of drawing a jury are imperatively required, under the law, to be done by that officer. The reasons of such a requirement are obvious.

The proper drawing of the jury is of vast importance to all persons who may be accused of crimes and offenses by a portion of the jurors thus drawn, and who may be tried by another portion of the same venire of jurors.

From the very nature of the proceeding, the persons so vitally interested in this operation cannot be directly represented and can have no voice in the proceeding.

Hence, the law jealously guards and protects the interests of the State and of the persons to be affected by the operation through rigorous rules to be strictly followed, under penalty of nullity.

Of the five members who compose the jury commission, the clerk is the only commissioned officer and the only member who is elected by

State vs. Conway.

the people, and who receives his mandate from the State directly. The other members'of the commission receive their mandates from the Judge, and their tenure is subject to his will only.

Obviously, for those reasons, the law has entrusted the clerk with the performance of the most important and essential duties connected with the drawing of the jury, and we hold that such duties cannot be legally performed in his absence or by any other member of the commission, as is shown by the record to have been done in this case.

While the point in its present bearing comes up for judicial inquiry for the first time, the nature of the duties imposed on the clerk have already been judicially considered in several cases, in which their importance has been fully appreciated.

In passing upon the invalidity of the drawing of the jury, by reason of the failure of the clerk to have taken an oath as jury commissioner, this Court said, in the case of the State vs. Williams, 30 An. 1028: " What three of the commissioners might have done without the presence of the others, the whole commission could not legally do with the participation of the unsworn clerk." " His duties are the most responsible of those which devolve upon the said commission ; he makes, under its supervision, the *proces verbal* of its acts, the list of persons from whom the jurors are to be drawn, keeps a record of the drawing, showing the weeks for which the jurors are to serve, delivers to the sheriff, and publishes in the official journal, a list of their names."   *   .   *   *

In the case of the State vs. Thompson, 32 An. 879, involving the same point, we used the following language : " The clerk is the most important member of the jury commission, and performs the acts which are of the essence of the proceedings."   *   *   *

We are, therefore, forced to the conclusion that the drawing of the jury which disposed of this case was fatally defective, and that the indictment must be quashed.

This view of the case obviates the necessity of considering other errors complained of by the accused as having occurred during the progress of the trial.

It is, therefore, ordered that the verdict of the jury be set aside and the judgment of the court avoided and reversed ; and it is now ordered that the indictment found against the accused in this case be quashed and set aside.

### DISSENTING OPINION.

MANNING, J. I do not think the clerk must be one of the three jury commissioners who are to select a jury. Doubtless it would be convenient that he should be, but it is not essential.

The law prescribes that " three members of the commission shall be a sufficient number to perform the duties imposed by this act," and directs that the " members of the commission or a majority of them" shall, etc. This appears to me to exclude the idea that a particular member must be one of the three.

And besides the statute has a saving clause which amply covers an irregularity of this kind, even it be conceded that it is irregular :

" No defect or irregularity in the drawing thereof or the summoning of the jury shall be sufficient cause (to challenge the general venire, or set aside the venire) if it shall not appear that some fraud has been practiced, or great wrong committed in the drawing or summoning of the jury, that would work a great and irreparable injury." Acts 1877, p. 58.

Even were it less plain to my understanding, I should hesitate to adopt a construction on a matter of detail which will in all probability upset many criminal prosecutions now pending, and there is no suggestion that a fraud has been practiced, or great wrong committed that would work, or has worked, irreparable injury to the prisoner.

Experience demonstrated that numerous indictments were quashed in consequence of a similar ruling in State vs. Williams, 30 Ann. 1028, upon another detail of the same statute, and I fear a like result of the construction now made.

Fenner, J., concurs in this opinion.