STATE OF MISSOURI, Respondent, v. PAUL McGOLDRICK, Appellant, No. 42109—236 S. W. (2d) 306.

Division Two, February 12, 1951.

A. W. Landis and Green & Green for appellant.

J. E. Taylor, Attorney General, and Frank W. Hayes, Assistant Attorney General, for respondent.

[306] WESTHUES, C.—On November 16, 1949, appellant, Paul McGoldrick, was by a jury found .guilty of embezzlement and his punishment was fixed at two years' imprisonment in the penitentiary. From the sentence imposed, he appealed.

Paul McGoldrick was charged in the information with embezzling county funds in the sum of $10,935.05 while he was Treasurer of Howell County. Appellant filed a motion to quash the jury panel on the ground that the jury commissioners in drawing the jury did not comply with Sections 704a, 705, and 706, Laws of Mo., 1947, Vol. II, p. 274-276 (now Sections 494.230, 494.240, and 494.250, R. S., 1949). This motion was heard by the Honorable Gordon Dorris, the regular circuit judge. The motion was overruled. Thereafter, appellant filed an application to disqualify Judge Dorris and this court directed the Honorable Randolph Weber of the 33rd Judicial Circuit to try the case. In appellant's motion for new trial the question of the legality of the drawing of the jury was preserved for review. The State contends that the sections of the statute supra, governing the drawing the jury, are directory only and a failure to comply specifically therewith will not justify the quashing of the jury panel or entitle appellant to a new trial.

Section 704a provides that the clerk of the circuit court, the judges of the county court, and the circuit judge shall constitute the board of jury commissioners, and the [307] circuit clerk shall be the clerk

of the board. Section 705 directs the jury commissioners to select a jury for the trial of cases in the circuit court at least 30 days before the commencement of the circuit court. This section also prescribes the manner of selecting the jurors; for example, the names of persons selected "shall be written on separate slips of paper of the same size and kind and all the names so selected from any one township shall be placed in a box with a sliding lid to be provided for that purpose and thoroughly mixed." Section 706 reads in part as follows:

"The clerk of the board of jury commissioners, so situated as to be unable to see the names on such slips, shall, publicly, in the presence of said board of jury commissioners, proceed to draw out names separately and singly from one township until he gets the number of names required from such township for petit jurors and an equal number as alternate jurors to serve on petit juries if summoned; and in the same manner shall continue to draw names from each of the remaining townships, separately and singly, until he shall have drawn the names of twenty-four persons who shall serve as petit jurors at the next ensuing term of said court for which said petit jurors are drawn, and the names of twenty-four persons to be designated as alternate petit jurors, the names of said alternate petit jurors to be recorded and numbered consecutively from one to twenty-four, inclusive, in the order in which they are drawn; * * *"

The evidence on the motion was that the slips of paper on which the names of jurors were written and placed in a box were not of uniform size or of the same kind of paper. It was further shown by the evidence of the clerk of the board that he did not draw any names from the box but that that task was performed by the members of the county court. The question is, was that a substantial compliance with the provisions of the statute? We think not. The legislature saw fit to provide specifically that the clerk of the board of jury commissioners *"shall, * * * proceed to draw out names."* (Emphasis ours) The legislature could have said, but did not say, that the members of the jury commission shall draw the names from the box. This matter was rather extensively reviewed by this court in the case of State v. Rouner, 333 Mo. 1236, 64 S. W. (2d) 916, 92 A. L. R. 1099. We concede that the manner of drawing the jury in the Rouner case constituted a more flagrant disregard for the law than we have in the present case. However, in the Rouner case this court said, 64 S. W. (2d) 1. c. 921(3): "There was a legislative purpose to throw further safeguards about the processes of the selection of jury panels, shown by the amendment of 1918, requiring the county clerk to draw jury panels publicly and in open court. For the proper protection of the constitutional guarantees to citizens of a fair and impartial trial, both county courts and county clerks should perform their respective duties in the selection of jury panels co-ordinately,

740

without transgression of the court upon the clerk or of the clerk upon the court, and in strict compliance with the law particularly in the drawing of names by the clerk publicly and in open court. For the reasons stated we hold that prejudicial error was committed in the selection of the jury panel in the instant case.'' This rule is supported by the weight of authority from other jurisdictions as may be noted in the annotations in 92 A. L. R. 1114, Note 5. Supporting our rule in the Rouner case, supra, we find the following cases: State v. Conway, 35 La. Ann. 350; People v. Labadie, 66 Mich. 702, 33 N. W. 806; Fornia v. Wayne, 140 Mich. 631, 104 N. W. 147; State v. Austin, 183 Mo. 478, 82 S. W. 5; Peak v. State, 50 N. J. L. 179, 12 A. 701; State v. Payne, 6 Wash. 563, 34 P. 317. See also 50 C. J. S. pp. 890, 891, 892, Sections 163, 164, 165. For a brief history of and the reasons for legislation prescribing the manner of drawing juries, see 50 C. J. S. 875, 876, Sec. 155. Among the purposes there enumerated we find ''the object being as far as possible to procure a fair and impartial jury and to obviate the possibility of packing juries or selecting them with reference to particular cases, and also to equalize the burden of serving on juries among all persons qualified therefor.''

[308] We do not mean to say that there was any fraud practiced in this case. That is beside the point. The legislature has seen fit to prescribe the manner of selecting juries. The officers charged with this duty must at least substantially comply with the procedure prescribed. Courts are not authorized to ignore, emasculate, or set aside the statutory provisions.

We must rule that the motion to quash the jury panel should have been sustained.

The judgment is reversed and the cause remanded for retrial. *Bohling* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by Westhues, C., is adopted as the opinion of the court. All the judges concur.