**CITY OF ALBANY, at the Relation and to the Use of CRANE COMPANY, a corporation, Plaintiff-Respondent,**

v.

**ACE DEWEY, INC., a corporation, and Aetna Casualty and Surety Company, a corporation, Defendants-Appellants.**

No. 23433.

Kansas City Court of Appeals.

Missouri.

Feb. 5, 1962.

Don Pierce, Downs & Pierce, St. Joseph, Frederick E. Lewis, Ervin, Ervin, Siggins & Lewis, Kansas City, for appellants.

Bernard D. Craig, Paul Margolis, Jr., Granoff, Levy & Craig, Kansas City, for respondent.

SPERRY, Commissioner.

Crane Company, the real plaintiff herein, sued Ace Dewey, Inc., and Aetna Casualty and Surety Company, its bondsman, seeking judgment in the sum of $3159.33, stipulated between the parties to be the unpaid balance due it for materials furnished to Ace Dewey's subcontractor, for construction of a swimming pool at Albany, Missouri. Trial to a jury resulted in a verdict for defendant. The Court sustained plaintiff's motion for a new trial on the grounds that instruction No. 11, offered by plaintiff, was erroneously refused. Defendant appealed.

The city of Albany contracted with Ace Dewey, Inc., hereafter referred to as defendant, for construction of a swimming pool. Defendant subcontracted the plumbing to Hamilton Plumbing and Heating Company, a partnership consisting of Robert Hamilton Sr., and Robert Hamilton Jr., hereafter referred to as Hamilton. Defendant, as principal, and Aetna as surety, entered into a performance bond with the city to secure payment to suppliers of material used in the construction of the swimming pool.

Hamilton contracted with defendant to furnish the materials and labor for the plumbing. Plaintiff furnished materials to Hamilton and, when the project was completed, Hamilton owed plaintiff an unpaid balance therefor. Defendant stated in its brief that it was stipulated between the parties that the unpaid balance due plaintiff by Hamilton was $3159.93.

After this suit was instituted defendant brought Hamilton in as third party defendant. Neither of the Hamiltons filed answer or made any defense but both were called to testify for defendant.

When construction of the Albany project was begun Hamilton also had four other projects under construction; B'ani Temple, Brookdale, Lock Springs, and Boonville. The Boonville contract was for $106,000, Albany was for $14,850.

Plaintiff furnished Hamilton with materials, for Albany, in the amount of $6701.-13, but plaintiff admits that this amount was reduced by the sum of $3000 cash paid, and by credits of $541.80, although Hamilton claimed additional credits. However,

as stated, it was stipulated between plaintiff and *defendant,* that Hamilton owed plaintiff $3159.33 (aside from Interest).

During the time that plaintiff furnished materials for Hamilton on the Albany project, it also furnished materials to it for the four other jobs. From time to time, as Hamilton made payments to plaintiff for materials, plaintiff would apply same to the oldest and largest account, as was its custom. Plaintiff's evidence was to the effect that it had no information as to the source of money paid to it by Hamilton, and no instructions as to what account upon which to apply it. The only dispute here between plaintiff and defendant grows out of defendant's contention that plaintiff did have information as to the source of Hamilton's payments, and had instructions to apply certain payments to the Albany account. Those payments were, in fact, applied to the Boonville account. A surety company, other than Aetna, had bonded the Boonville contract.

The amount owing to plaintiff by Hamilton was agreed upon. Hamilton became financially irresponsible and was unable to pay. Plaintiff sued on the bond. The sole issue tendered by the pleadings, after it was agreed that Hamilton owed plaintiff $3159.-33, was whether plaintiff should have applied certain checks given to it by Hamilton to the Albany account. They were, in fact, credited to the Boonville account. This is the issue that was tried.

Defendant called Hamilton, Sr., as a witness. Over the objections of plaintiff he was permitted to state that there were arguments concerning credits claimed by Hamilton, between Hamilton and plaintiff, "on *all* of these jobs". The statement referred to numerous miscellaneous credits claimed by Hamilton because of overcharges on various shipments of material on *all* of the jobs then under construction by Hamilton. Such disputes had no relation to the issue being tried in this case. Whether or not there were overcharges for materials used at Boonville, B'nai Temple,

Brookdale, or elsewhere except Albany, was immaterial and irrelevant. The issue was whether there was a misapplication of moneys *admittedly paid* by Hamilton.

Over the repeated objections of plaintiff the witness was permitted to testify *in detail* as to credits that Hamilton claimed, and plaintiff refused, on the Boonville, B'nai Temple, Safeway, Lock Springs, and Brookdale jobs as well as the Albany job, and that plaintiff "owes" Hamilton "around $2000 worth" of such credits.

Plaintiff protested to the Court that it did not wish to cross-examine the witness on this matter on the grounds that Hamilton was not a party defendant as to it, and that, by cross-examining him, it would permit testimony regarding claims growing out of projects other than Albany. The Court then said, "well, this testimony is not worthy of consideration, no records, just figures out of the sky". Thereupon, plaintiff moved the jury be instructed to disregard the testimony, to which the Court replied: "we will have to cover it by an instruction. I can't by an oral one".

At the close of the evidence plaintiff offered instruction No. 11, which was refused, as follows:

"The court instructs the jury that the testimony of R. T. Hamilton, Sr., concerning general credits allegedly due to Hamilton Plumbing and Heating Company by Crane Company on *various jobs,* is too vague, general and indefinite to be worthy of belief, and is not confined to the issues in this case, and does not tend to prove or disprove any of the issues in this case, and for said reasons, the Court instructs the jury that they are to disregard the testimony of R. T. Hamilton, Sr. concerning the alleged general credits due Hamilton Plumbing and Heating Company." (Emphasis ours).

It was error to admit the above mentioned testimony over timely objection, be-

cause it was not relevant or material to the issue being tried. Plaintiff and defendant had agreed that Hamilton owed plaintiff a balance of $3159.33. Hamilton was not a party defendant, so far as plaintiff was concerned. What credits may or may not have been claimed by Hamilton on jobs, other then those connected with Albany, had nothing to do with whether plaintiff had failed to apply certain checks, paid to it by Hamilton, on the Albany account, contrary to instructions.

The Court heard the testimony and was in a position to observe its effect on the jury. He apparently believed it to have been prejudicial to plaintiff else he would not have granted a new trial on the ground specified. In such circumstances, this Court should defer to the ruling of the trial Court. Sho-Me Power Corporation v. A. Fann et al., 365 Mo. 1042, 292 S.W.2d 91, 95; Bray v. St. Louis-San Francisco Ry. Company (Mo.App.), 236 S.W.2d 758, 761.

■ But defendant contends that the instruction is too broad in that it withdraws all of the testimony of Hamilton, Sr., by use of the terms "various jobs". It contends that, for that reason, it should not have been given. It is unnecessary to pass on that question. It is noted that ground 4 of the motion for a new trial is, "that the Court erred in admitting irrelevant, incompetent and immaterial evidence offered by defendant over the objections of the plaintiff". If the Court's action in granting a new trial can be sustained on any ground assigned in the motion then it will be done. Thrower v. Life & Casualty Ins. Company of Tennessee (Mo.App.), 141 S.W.2d 192, 196.

Considering the prejudicial effect that the above mentioned testimony had, in the opinion of the trial judge, as it well may have had in the light of the whole record, the judgment granting a new trial should be sustained on ground No. 4.

The judgment is affirmed.

MAUGHMER, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the court.

All concur.