STATE of Missouri, Respondent,

v.

Herman Bernard JOHNSON, Appellant.

No. 52914.

Supreme Court of Missouri, Division No. 2.

Nov. 13, 1967.

Norman H. Anderson, Atty. Gen., Jefferson City, Edward Lander, Special Asst. Atty. Gen., Clayton, for respondent.

J. Whitfield Moody, The Legal Aid and Defender Society of Greater Kansas City, Kansas City, for appellant.

FINCH, Presiding Judge.

Defendant, charged with robbery, first degree, waived trial by jury after receiving advice of counsel and after the trial court made inquiry to establish that the waiver was made knowingly and voluntarily. The trial judge found defendant guilty, assessed his punishment at ten years' imprisonment, and defendant appeals.

The evidence on behalf of the State will support the following recital of facts and would justify the trial court in so finding: At about 12:30 a.m., on December 13, 1966, Clifford Davis, a taxicab driver, picked up two Negro men at 35th and Prospect Streets in Kansas City. One man (defendant herein) got into the rear seat of the cab and the other (later identified as Roosevelt Johnson) into the front seat with Davis. The streetlights plus lights of a liquor store illuminated the corner where the cab driver picked up the two men. They instructed Davis to take them to the vicinity of 28th and Wabash Streets to a house, the front of which was decorated with Christmas tree lights. At that time, the man seated in the back seat said, "This is a holdup" and placed a gun against Davis' neck. Davis turned enough to see the gun. The man in the front seat then took all of the paper money which Davis had in his top pocket plus change in his right pocket. The bills taken were folded separately lengthwise, with the front of each bill folded in. The money taken amounted to approximately $32.00. The man also searched Davis and felt around his waist to see if he had anything else. He then pulled the radio speaker out of its socket and took the car keys from the ignition switch. Davis thought they were thrown outside but later found them on the car seat. The two men then left the cab and walked south on Wabash. After they left, Davis got out of his cab and walked a block and a half to a telephone where he called the dispatcher to report the robbery and give a description of the two men who held him

up. He was instructed by the dispatcher to return to his cab and wait for the police.

Shortly, Officer Karnes arrived at the cab, took a report from Davis and then put out a pickup for the two men. One was described as being shorter and wearing a dark overcoat, and the taller one wearing a light colored overcoat. The latter was lighter skinned. Officer Mathis called Officer Karnes on the radio and reported he had seen two persons fitting these descriptions at 31st and Prospect, near the Log Cabin Tavern. He had noticed them particularly because, although it was quite cold, one man was carrying his overcoat over his arm. Officer Mathis was on Prospect almost to Linwood when he heard the report on the robbery. He turned around and went back to 31st and Prospect but was unable to locate the two men. Mathis then went to Wabash and 28th where he joined Davis and Karnes. Mathis also had noticed that one of the men had what he described as processed hair that was kind of windblown and wavy, and he confirmed from Davis that this description fitted one of the two men who held him up.

The officers and Davis searched the area further, and then Karnes suggested that the men might have gone into the Log Cabin Tavern and they ought to look there. Davis and Officer Karnes entered the Log Cabin Tavern, where Davis pointed out two men who were at a table drinking beer and said that they were the men who held him up. Officer Mathis first checked for a rear exit and then entered the tavern and joined Davis and Karnes at the table where defendant and Roosevelt Johnson were seated. Officer Karnes placed the two men under arrest and searched them. He found a .38 caliber Smith and Wesson revolver loaded with three rounds of ammunition in the pocket of defendant's overcoat. No weapon was found on his companion, Roosevelt Johnson. A subsequent search of the two men at police headquarters revealed a ten-dollar bill, five one-dollar bills and a dollar and ten cents in change on the defendant.

Fourteen one-dollar bills, folded separately in the manner which had been described by the cab driver, were found in the sock of Roosevelt Johnson. In addition, Roosevelt Johnson had the bushy hair which had been noticed by Officer Mathis and confirmed by the cab driver.

At about 3 a.m. that morning, the police placed the defendant and Roosevelt Johnson in a lineup together with two other Negroes and the defendant and Roosevelt Johnson were identified by the cab driver Davis as the two men who had held him up.

■ Defendant first contends that the evidence was not sufficient to support a finding of guilty by the trial court. We overrule this contention. In our opinion, the evidence clearly was sufficient to sustain the conviction. The cab driver observed the two men who held him up and later was able to describe and to identify them. Within an hour or so after the robbery, the two men were located in a tavern approximately four blocks from the scene of the robbery and were identified by the cab driver as the men who held him up. When searched, they had money approximating the amount taken from the cab driver and the bills were folded in the manner in which he had described. In addition, defendant had in his overcoat pocket a loaded revolver, which the cab driver identified as of the type with which he was held up.

The second question raised by defendant is that the court erred in not sustaining a motion made during trial to exclude and suppress as evidence the revolver and the currency. No motion to suppress in advance of trial was filed. When the revolver and the money were marked as exhibits and offered in evidence, the objection made thereto was not on the basis that they had been obtained by unlawful search and seizure. However, after Davis and Officers Karnes and Mathis had testified, counsel for defendant made an oral motion to suppress on the ground that the search

was made prior to arrest and without the defendant being advised of his constitutional rights. Defendant's brief asserts that it was error to overrule such motion on the ground that the evidence, taken as a whole, shows that the search was made first and the gun found before any arrest was made, and that at such time there was no reasonable grounds to believe that defendant had committed any felony, and he did not commit any crime in the presence of the officers themselves prior to the arrest.

We do not agree that the evidence establishes that the search preceded the arrest. There was some variance in the answers as to the time of the search, partially caused, no doubt, by the way in which the questions were framed, but Officer Karnes, who made the arrests, said: "I believe I placed them under arrest before I even searched them. As soon as Mr. Davis stated they were the ones, I told them they were under arrest." The police officer, based on information furnished by Davis, had reasonable cause to believe that Davis had been robbed at gunpoint by two men a short distance from the Log Cabin Tavern and that the two men found in the tavern, i.e., defendant and Roosevelt Johnson, were the ones who had committed that robbery. It is well settled that "Police officers may arrest without a warrant if they have reasonable cause to believe that the person arrested is guilty of a recent felony." State v. Craig, Mo., 406 S.W.2d 618, 622. Paraphrasing some of the language in State v. Craig and applying it to the facts here, we may properly say that the facts related to the officers gave them reasonable cause to believe that defendant and Roosevelt Johnson were the men who had committed the robbery and under those circumstances the arrests made were not on suspicion merely but in the exercise of a reasonable discretion, in apparent good faith.

When one has been lawfully arrested, a police officer may take from him articles of evidentiary value without violating his constitutional guaranties against unreasonable searches and seizures. The revolver and shells and the money were lawfully seized as a result of a lawful search incident to a lawful arrest. State v. Phelps, Mo., 384 S.W.2d 616, 619. We rule this second contention against defendant.

Finally, defendant's brief asserts that the trial court erred in failing to declare a mistrial on its own motion where, it is claimed, it appeared that there was some evidence that the cab driver Davis was not in possession of his full faculties at the time of trial due to intoxication or drug stimulants. An examination of the record does not disclose any basis in fact for this charge against the trial court. Counsel for the defendant asked Davis if he had had anything to drink the morning of trial or the night of the robbery, and in each instance the witness stated that he had not. The transcript indicates that counsel for the defendant claimed that the appearance of witness Davis indicated that he had been drinking, but the trial court observed him and evidently found no basis for counsel's contention. In that connection, counsel asked Officer Mathis if he had observed Mr. Davis in court that morning and whether his appearance was the same as it was on the night of the robbery. The officer testified that he had had an opportunity to observe and said that Davis had looked the same both times and that he looked as though he was half asleep. This type of facial expression, however, did not indicate that Davis was intoxicated and the trial court did not so find. We also rule this contention against the defendant.

We have examined those parts of the record required under Supreme Court Rule 28.02 and find no error therein.

The judgment is affirmed.

All of the Judges concur.