STATE of Missouri, Respondent,

v.

Nathaniel HORN, Appellant.

Nathaniel HORN, Movant-Appellant,

v.

STATE of Missouri, Respondent.

Nos. 57492, 58076.

Supreme Court of Missouri,
Division No. 1.

Sept. 10, 1973.

John C. Danforth, Atty. Gen., Richard E. Vodra, Asst. Atty. Gen., Jefferson City, for respondent.

Henri J. Watson, Asst. Public Defender, Kansas City, Gary A. Gorman, Law Student, for appellant.

HOLMAN, Judge.

In 1951 Nathaniel Horn (hereinafter referred to as defendant) was found guilty of statutory rape and his punishment fixed by the jury at life imprisonment. In 1970 defendant filed a motion to vacate the judgment under Rule 27.26, V.A.M.R. After an evidentiary hearing the trial court made findings adverse to defendant on contentions relating to the trial. The court, however, did find that defendant had not been properly advised of his right to appeal and therefore set aside the judgment and resentenced defendant so as to give him an opportunity to appeal from his original conviction. Defendant appealed from the ruling on the 27.26 motion, and from his conviction. The two appeals have been consolidated here. We will first consider the appeal from the 1951 conviction.

The defendant does not challenge the sufficiency of the evidence and hence a brief statement of facts will suffice. The prosecutrix, whom we will refer to as Mary Ann, was the nine-year-old daughter of two deaf mutes. In February 1950, she was admitted to the Niles Home for Negro Children located in Kansas City. On Sunday, March 5, 1950, in the late afternoon or early evening, Mary Ann ran away from the Home and went to a movie. Later that night she left the movie and rode a streetcar to 12th Street and Troost where she alighted with the intention of walking to the home of her parents. When she reached the intersection of 12th Street and Charlotte she was grabbed from behind by a man later identified as the defendant. The man dragged her to a "dark place" on a vacant lot adjoining the Lucille Hotel. He hit her head against a rock, threatened to kill her with a knife if she did not stop screaming, and then raped her. After a time he tried to drag her into a building (apparently the Lucille Hotel) but she pulled away and fled. Upon arriving at her parents' home she reported what had happened and the police and an ambulance were summoned. Mary Ann had sustained severe vaginal tearing and bleeding and other injuries which required hospital confinement for about two weeks.

After the arrival of the police and Dr. Dunseth, Mary Ann accompanied them in the police car to the Lucille Hotel. The police awakened the manager of the hotel and gave her Mary Ann's description of the man who had raped her. The manager then led them to defendant's room; she knocked on the door and called to defendant; he opened the door and the police, Mary Ann, and Dr. Dunseth entered the

room. Defendant was clothed only in his shorts. At that time Mary Ann identified defendant as the man who had raped her. The police then seized defendant's clothing which disclosed blood stains on his shirt, his overcoat, and the shorts he was wearing. The next day the police found a "scuffed up" place on the lot next to the hotel, and found Mary Ann's purse behind a nearby tree. There were also blood spots on the sidewalk leading from the front of the hotel. Mary Ann also identified the defendant at the trial.

Defendant did not testify.

■ The sole point raised by defendant on his appeal from the original conviction is that "the trial court committed plain error in failing to declare a mistrial because the prosecutor in opening statement told the jury about evidence which was properly excluded during trial." This contention arises from the following occurrence: The assistant prosecuting attorney in his opening statement related that he expected to prove that the police went to the defendant's room on the night in question, accompanied by prosecutrix and Dr. Dunseth, her physician. He then stated the following: "Dr. Dunseth will testify how he examined the defendant. The defendant was requested to drop his shorts. Without hesitation he dropped his shorts. Mind you, Dr. Dunseth was not an officer. He was merely a witness. He made an examination. The examination showed that this defendant's penis was soft and moist, which would indicate to the doctor that he had had recent intercourse. A further examination by the doctor revealed the fact that there was blood upon the scrotum and the penis of the defendant." When the State presented its evidence it sought to offer testimony concerning the examination of defendant by Dr. Dunseth but defendant objected and the objection was sustained. Defendant contends that the foregoing statement was "glaringly offensive and prejudicial" to defendant and that by reason thereof the trial court should have declared a mistrial when evidence to support the statement was not admitted.

At this point it should be noted that defendant made no objection to the statement in question, made no motion for a mistrial after the objection to the evidence was sustained, and did not complain of the matter in the motion for new trial. Defendant seeks a review of the contention under Rule 27.20(c), which provides that "[p]lain errors affecting substantial rights may be considered on motion for new trial or on appeal, in the discretion of the court, though not raised in the trial court or preserved for review, or defectively raised or preserved, when the court deems that manifest injustice or miscarriage of justice has resulted therefrom." In our consideration of the instant contention we think it is significant that the prosecutor stated at the beginning of his opening statement that "what I have to say in this opening statement or what the defense attorneys may have to say when they make an opening statement is not to be construed by you to be evidence in the case. The evidence in the case is the testimony that you will hear from the lips of the witnesses from the witness stand and such exhibits as the court may permit us to introduce into evidence. You ladies and gentlemen of the jury must understand that your verdict should be reached only by the evidence in the case and the instructions of His Honor, Judge Cook."

Defendant takes the position that we should first determine whether the trial court ruled correctly in excluding the evidence of the examination of defendant. We do not agree. For the purposes of this appeal, we will assume that it was not admissible. However, since it bears on the good faith of the prosecutor we will state that the evidence was not obviously inadmissible and it was at least reasonably arguable that it was admissible.

The rule which we consider decisive of defendant's point is stated in State v.

Rowe, 324 Mo. 863, 24 S.W.2d 1032, 1037 (1930), as follows: "Even though the prosecuting attorney, in his opening statement, states facts which are not followed by proof, nevertheless, if he acts in good faith and with reasonable grounds for supposing that he will be able to show the facts stated, the statement is not error." To like effect, see also State v. Pleake, 177 S.W. 355 [3] (Mo.1915), State v. Flinn, 96 S.W.2d 506 [1] (Mo.1936), and State v. Stillman, 310 S.W.2d 886 [4, 5] (Mo.1958).

In presenting his contention defendant states (1) that the trial court had a duty to declare a mistrial of its own initiative only if the statement in question is found to have been glaringly offensive and prejudicial, (2) the granting or denying of a mistrial is largely within the discretion of the trial court, and (3) where, as here, there was no motion for mistrial or complaint regarding such in the motion for new trial, relief will not be granted on appeal unless there was an abuse of discretion which had a decisive effect on the jury and resulted in manifest injustice.

We have concluded that the statement in question was not "glaringly offensive and prejudicial" and that the fact that the jury heard it did not result in manifest injustice or miscarriage of justice. In the first place, we have the view that it was not error for the prosecutor to make the statement, even though the evidence was later excluded, because he appeared to be acting in good faith under a reasonable belief that the evidence was admissible. Furthermore, it should be kept in mind that the jurors were told at the beginning of the opening statement that such was not evidence and that they should reach their verdict only from the testimony of the witnesses, and the exhibits. Moreover, when the testimony concerning the examination was offered an objection was sustained in the presence and hearing of the jury. From all of the foregoing it appears clear that the jury must have understood that it should not consider the facts contained in the state-

ment under review in arriving at its verdict. The trial judgment is affirmed.

In his motion to vacate defendant contends that: (1) he had no counsel at arraignment; (2) he had no preliminary hearing, nor did he have counsel at preliminary hearing; (3) he was not afforded assistance of counsel at all preliminary stages of trial; (4) he was held in jail thirteen months before trial; (5) he had ineffective assistance of counsel; (6) the prosecutor used perjured testimony; and (7) he was indigent when sentenced and did not understand he had the right to an appeal as a pauper and did not waive that right. The trial court made findings adverse to defendant on all of the claims except the last. As stated, relief has been granted as to the claim relating to appeal.

■ We will consider the first three contentions together. In his testimony defendant admitted that he appeared in magistrate court and signed a written waiver of his preliminary hearing. And, it is clear that defendant is not entitled to relief because no attorney was appointed for him at that time. State v. Caffey, 457 S.W.2d 657 [9–11] (Mo.1970). The record shows that when defendant appeared for arraignment he waived his right to counsel and entered a plea of not guilty. The court at that time appointed counsel for defendant. There is no showing that the State gained any advantage or that defendant lost any privilege or suffered disadvantage because counsel was not present at arraignment. In that situation relief on that ground is not warranted. Montgomery v. State, 461 S.W.2d 844 [1] (Mo.1971).

■ The next contention apparently intends to raise the point that defendant was denied his constitutional right to a speedy trial. He was not tried for about a year after he was arraigned. The transcripts do not disclose the reasons for the delay. There is no indication, however, that defendant or his counsel ever demanded that the case be tried and hence, under our de-

cision in State v. Harper, 473 S.W.2d 419 (Mo.1971), he is not entitled to relief on that ground.

There is no evidence in the transcript to support defendant's contention that the prosecutor used perjured testimony at the trial. This point is therefore disallowed.

The contention that defendant had ineffective assistance of counsel at his trial is based upon three grounds, i. e., (1) failure of counsel to move to suppress the blood-stained clothing of defendant which was seized as an incident to his arrest; (2) failure to move to suppress the identification of defendant by prosecutrix at time of arrest, and (3) failure to move for a mistrial or new trial because of the statement of the assistant prosecuting attorney in the opening statement concerning the physical examination of defendant at time of arrest.

We have the view that under the controlling decisions relating to probable cause for arrest without a warrant, and in view of the opportunity of prosecutrix to observe the person who committed the rape, motions to suppress, as suggested in grounds (1) and (2) above, would not have been successful. State v. Johnson, 420 S. W.2d 305 [1–5] (Mo.1967). As to ground (3) above, we have heretofore held that the statement of the prosecutor of which defendant complains was not error under the circumstances of this case. We accordingly rule that the trial court's finding that defendant did not have ineffective assistance of counsel was not clearly erroneous. Rule 27.26(j). In fact, the trial court, after a review of the transcript, found that defendant's attorneys were "not only adequate, but quite adept."

As indicated, we rule that the trial court did not err in overruling defendant's motion to vacate.

Each of the judgments appealed from is affirmed.

All concur.