STATE of Missouri, Respondent,

v.

Herschel McGILL, Appellant.

No. KCD 26693.

Missouri Court of Appeals,
Kansas City District.

June 3, 1974.

Michael P. Riley, Jefferson City, for appellant; Carson, Inglish, Monaco & Coil, Jefferson City, of counsel.

Clarence W. Hawk, Pros. Atty., Moniteau County, California, for respondent.

Before PRITCHARD, P. J., and SWOFFORD and SOMERVILLE, JJ.

PRITCHARD, Presiding Judge.

The appellant was charged by information with the misdemeanor of driving while intoxicated, in violation of § 564.440, RSMo 1969, V.A.M.S. He was tried before a jury on January 5, 1973 in the circuit court of Moniteau County, and found guilty. He was fined $300.00. Appellant filed a motion for new trial, which motion was overruled.

The following facts were elicited before the trial court. Witness Washburn testified he was a policeman in California, Missouri, and observed appellant on April 30, 1972, at about 5:00 a. m. He observed appellant's car facing a factory about 4:40 a. m., and then about 5:00 a. m., saw appellant leave the factory and drive very slowly down the street. Appellant then veered over to the left-hand shoulder in front of a laundromat. The officer turned on his red lights, whereupon appellant drove over to the right shoulder and stopped.

The officer stated appellant appeared unsteady on his feet and the officer smelled an odor of alcoholic beverage on appellant's breath. The officer stated the appellant walked the same way he had walked at other times. The appellant admitted he had one beer. He stated that after appellant was brought to the courthouse he was not too coordinated, his hair mussy, and he was very talkative. In the officer's opinion, the appellant was intoxicated.

On cross-examination, the officer stated he had no standards to compare the appellant's hair, eyes, walk, dress or speech when he was in any other condition than the night in question. He stated there was no accident and no other traffic on the street. Trooper Martin of the State Highway Patrol, who also observed appellant, testified that, in his opinion, the appellant was intoxicated. The balance of his testimony concerned the breathalyzer test, but the results of the test were not admitted by the trial court.

Appellant's brief sets forth five points of error. The first point alleges error in the circuit judge's refusal to grant appellant's motion to strike the jury panel on the grounds that the selection procedure did not conform with the statutory procedure set out in §§ 494.240 and particularly 494.250, RSMo 1969, V.A.M.S. Appellant bases his contention on the fact that a deputy sheriff, present during the selection of the panel, was requested by the court to comment upon names as drawn with respect to any knowledge he might have as to why a particular person would be unable to serve. As a result of these comments, the jury commission did disqualify certain persons and the panel was not the result of the drawing of successive names.

In considering this point, the test to be applied by this court is whether there has been substantial compliance with the procedure prescribed by statute. State v. McGoldrick, 361 Mo. 737, 236 S.W.2d 306 (1951); 50 C.J.S. Juries § 175(b)(1), p. 902. In the absence of any showing by appellant that he has been prejudiced or his interests adversely affected by failure to strictly comply with statutory procedures, he can only prevail if in fact no substantial compliance is shown. State v. Thompson, 472 S.W.2d 351 (Mo.1971); State v. Hailey, 350 Mo. 300, 165 S.W.2d 422 (1942); State v. Eddington, 286 S.W. 143 (Mo.

App.1926); 50 C.J.S. Juries § 175b(1), p. 902.

■ It must be held that there was substantial compliance in the instant case. The names of prospective jurors were drawn by the proper official, without being able to see the names, publicly and in the presence of the Board of Jury Commissioners. § 494.250, RSMo 1969, V.A.M.S. The trial court being present at the drawing, stated in response to appellant's motion below, that names were properly drawn and that the deputy was asked to "speak up" and give any reasons why he knew a particular person would be unable to serve. This procedure had the sole purpose of streamlining, not vitiating, the statutory procedure. See 50 C.J.S. Juries § 164, pp. 891–892. While the court has found no cases which directly address the issues herein raised, there are cases where similar procedures of panel selection have been followed without objection. State v. Strawther, 476 S.W.2d 576 (Mo.1972); State v. Emrich, 361 Mo. 922, 237 S.W.2d 169 (1951).

■ Appellant's second point is that the trial court erred in not striking the jury panel because persons were excluded because of age and such exclusion was systematic. A fair reading of the record requires the conclusion that disqualification did not occur on the basis of age alone but rather was based on age and concomitant physical disabilities such as hearing, which by statute are grounds of ineligibility for service. § 494.020, RSMo 1969, V.A.M.S. Appellant has the burden of showing such systematic exclusion and subsequent denial of a fair trial. State v. Robinson, 484 S.W.2d 186 (Mo.1972). He has wholly *failed to meet this burden, and the second* point is overruled.

■ Appellant's third point of error is that the trial court abused its discretion in not granting a mistrial at the close of prosecutor's opening statement on the grounds that prosecutor stated legal con-

clusions as to the intoxication of the appellant.

Whether a mistrial should be granted is a matter of discretion with the trial court who is in the best position to judge the effect of transgressions and whether the accused's rights have been prejudiced; and in such matters, the trial court should be given wide latitude. State v. Thompson, supra. An appellate court will not interfere unless the record shows an abuse of such discretion to appellant's prejudice. State v. Chester, 445 S.W.2d 393 (Mo. App.1969).

Appellant complains of two instances in the prosecutor's opening statement. The first involved the following statement:

"And further, the evidence will be that the breathalyzer reading, after following the procedure steps, registered 21 hundredths of 1 per cent, which is 6 hundredths of 1 per cent above . . ."

At this point, defendant objected on the ground that the prosecutor was stating a legal conclusion and requested a mistrial. The trial court denied the latter request but did sustain the objection and admonished the prosecutor to " . . . state what the evidence will show. The court will instruct as to the law."

There was no abuse of discretion herein as the jury had been cautioned the opening statement was not evidence, and appellant's objection was sustained in the presence of the jury. State v. Horn, 498 S.W.2d 771 (Mo.1973). Further, the court cautioned that it would instruct as to the law. Thus, the trial court could fairly conclude that the prejudicial effect of the prosecutor's statement had been obviated.

■ Appellant next complains of the following statement by the prosecutor made at the close of his opening statement:

"Further the evidence will be that the defendant had been in a bar and drinking beer, and the evidence will prove to you beyond a reasonable doubt that he

was the operator of a motor vehicle while in an intoxicated condition, but from the chemical tests and from his demeanor."

Appellant argues that this statement was a legal conclusion. The prosecutor was not stating a legal conclusion but outlining two independent converging vectors of proof of intoxication, and thus appellant's objection was properly overruled.

Appellant's fourth assignment of error is in the trial court's refusal to grant a mistrial at the close of all the evidence for the reason that the state failed to prove the breathalyzer test results but informed the jury of those results by prejudicial statements of the prosecutor and the state's witnesses.

Appellant cites two pertinent instances where the prosecutor allowed the jury to hear the results of the breathalyzer test. The first was in the opening statement and has been previously considered by this court. The second instance complained of occurred during the prosecutor's direct examination of Trooper Martin, who administered the breathalyzer test to defendant. The relevant portion thereof is set out below:

Q (By Mr. Hawk) Trooper Martin, your administering the test of the breathalyzer, the instrument, if the subject that you are testing, the instrument shows between 21 hundredths and 22 hundredths, what reading would you put on your report and charge the defendant with?

A We lower it down.

■ Appellant's objection was sustained. Appellant contends that the prosecutor

knew he could not get the result of the breathalyzer test into evidence and therefore saw the jury got the result of the test by an improper question. His argument fails on two grounds. While the jury did receive the result, it was never directly apprised of its meaning. Moreover, the court's refusal to declare a mistrial for improper questions by the prosecutor is not an abuse of discretion where defendant's objections thereto are sustained. State v. Smith, 355 Mo. 59, 194 S.W.2d 905 (1946).

In further support of his assignment of error, appellant cites State v. Sinclair, 474 S.W.2d 865, 868 (Mo.App.1971) where the court found reversible error in receiving the results of a breathalyzer without proper foundation. However, that case is distinguishable from the instant case because reversal was ordered where the results of the breathalyzer test were admitted into evidence by the trial court over defendant's objection, unlike the instant case in which the test results were not admitted.

■ Appellant's final point, alleging error in the trial court's refusal to give a requested instruction, is considered abandoned and will not be considered by this court. Appellant neither provided the court with citations in support of said point [Rule 84.04(d), V.A.M.R.], nor set forth the refused instruction in the argument portion of his brief. Rule 84.04(e).

Appellant's assignments of error are without merit. In addition, the record shows no plain error results in manifest injustice to appellant. V.A.M.R. 27.20(c).

The judgment is affirmed.

All concur.