**STATE of Missouri, Respondent,**

v.

**Ralph E. HENKE, Appellant.**

**No. WD 44357.**

Missouri Court of Appeals,
Western District.

Dec. 10, 1991.

James J. Wheeler, Keytesville, for appellant.

David A. McAllister, Pros. Atty., Keytesville, for respondent.

Before BERREY, P.J., and ULRICH and HANNA, JJ.

ULRICH, Judge.

Appellant Ralph Henke appeals his conviction for driving while intoxicated (§ 577.-010, RSMo 1986). Mr. Henke claims trial court error in denying his pretrial motion to quash the jury panel. The issue presented is whether the jury was selected in substantial compliance with §§ 494.400 to .505, RSMo Supp.1990.[1] The judgment is reversed, and the case is remanded for new trial.

Mr. Henke was charged with driving while intoxicated and with operating a mo-

---

1. Mr. Henke also raises several evidentiary issues; however, resolution of the jury selection issue precludes determination of these other points.

tor vehicle in a careless and reckless manner. The case was tried before a jury on September 26, 1990. The jury found Mr. Henke not guilty of careless and reckless driving but failed to decide the charge of driving while intoxicated. The charge of driving while intoxicated was rescheduled for trial on December 13, 1990. On December 12, 1990, Mr. Henke filed his pretrial motion to quash the jury panel. Evidence was presented regarding the appellant's motion, and on December 13, the trial court overruled the motion. Count 2 was again tried before a jury which, on December 14, 1991, returned a verdict finding Mr. Henke guilty of driving while intoxicated in violation of § 577.010, RSMo 1986.

On appeal, Mr. Henke challenges the jury selection process practiced in his case as being violative of §§ 494.400 to .505. The evidence presented at the hearing held on the motion to quash the jury panel revealed the following facts. Mr. Widmer, the Clerk of the Circuit Court, and Mr. Ramsey, the County Clerk, both members of the board of jury commissioners (board), convened to compile a master jury list pursuant to § 494.410. Mr. Widmer obtained 5,400 names from the court administrator's office. These names were input into a computer, and Mr. Widmer added an additional 600 names. Mr. Widmer and Mr. Ramsey, through the use of a computer program, randomly obtained a list of 120 names. This list was then reduced to eighty-five names by Mr. Widmer and Mr. Ramsey. The two men deleted the names of those individuals whom they knew were "in nursing homes or deceased, have moved out of the county, or [were] students away in college and such." A summons for jury service and a juror qualification form were then mailed to the remaining eighty-five individuals. The members of the board reviewed the responses to the qualification forms and reduced the list to forty individuals, which constituted the qualified jury list. § 494.415.3.

The appellant must make a proper, timely objection in order to challenge the jury selection process. *State v. Sumowski,* 794 S.W.2d 643, 647 (Mo. banc 1990).

"When there is a proper, timely objection to improper jury selection, the test is whether there has been substantial compliance with the statute. However, there is a strong presumption that the jury tendered at the outset of the trial has been properly selected." *Id.* See also § 494.465.1.

Mr. Henke timely objected to the jury panel selection with his motion to quash the jury panel. *State v. Bost,* 820 S.W.2d 516 (Mo.App.1991) (citing § 494.-465.1). Mr. Henke, at the pretrial hearing, developed several challenges to the jury selection process, which he has briefed on appeal. Mr. Henke argues that the board did not send statutory jury summons and qualification forms to all jury venire candidates, the board members improperly disqualified certain venire candidates, and the board did not inform disqualified candidates by sending the required notification that they had been disqualified.

Sections 494.400 to 494.505 promulgate the procedure and rules governing jury selection. Section 494.415.1 prescribes:

From time to time and in a manner prescribed by the board of jury commissioners there shall be drawn at random from the master jury list the names or identifying numbers of as many prospective jurors as the court may require. The board of jury commissioners shall cause to be served in a manner prescribed by law for the service of summons or by ordinary mail, as determined by the board, a summons for jury service and a juror qualification form.

Section 494.415.2 further states:

If it is determined from an examination of the juror qualification form that a person is not qualified to serve as a juror, that prospective juror shall be notified in a manner directed by the board of jury commissioners and shall not be required to comply with the summons for jury service. Such names shall be deleted from the master jury list.

The requirements of § 494.415 were not followed in the case now on appeal. Section 494.415.1 mandates that a summons

for jury service and a juror qualification form are to be sent to the pool of 120 jury candidates. This was not done. Instead, the jury summons and qualification forms were sent only to the group of eighty-five individuals approved by Mr. Widmer and Mr. Ramsey. Additionally, the board of jury commissioners excused jurors for reasons not enumerated in § 494.425. Residents of nursing homes and students away at college are not statutorily excluded from jury service, yet they were excused. Furthermore, stricken individuals were not struck from consideration after examining responses to the jury qualification forms as required by § 494.415.2. Instead, the board members, employing their subjective knowledge, excused venire candidates. Finally, § 494.415.2 requires notification to disqualified venire candidates that they are ineligible for jury service. The record is devoid of any such notification.

The Missouri Supreme Court, in a case regarding improper jury selection, stated:

"We do not mean to say that there was any fraud practiced in this case. That is beside the point. The legislature has seen fit to prescribe the manner of selecting juries. The officers charged with this duty must at least substantially comply with the procedure prescribed. Courts are not authorized to ignore, emasculate, or set aside the statutory provisions."

"We must rule that the motion to quash the jury panel should have been sustained."

*State v. Gresham*, 637 S.W.2d 20, 26 (Mo. banc 1982) (quoting *State v. McGoldrick*, 361 Mo. 737, 236 S.W.2d 306 (1951)).

In this case, the board of jury commissioners did not substantially comply with the mandatory procedure prescribed in §§ 494.400 to .430. Jury venire candidates did not receive the statutory jury summons and qualification forms, candidates were disqualified for reasons not enumerated in § 494.425, and the disqualified candidates did not receive notification of their disqualification pursuant to § 494.415.2. "The deviations demonstrated by the evidence require reversal, in accordance with the de-

fendant's properly presented claim of error." *State v. Bynum*, 680 S.W.2d 156, 161 (Mo. banc 1984). Therefore, the trial court's denial of appellant's motion to quash the jury panel was prejudicial error. *Id.*

The evidentiary issues and other points raised in this appeal need not be addressed. The judgment is reversed, and the cause is remanded for new trial.

All concur.